**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| GARY L. COOLEY, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| vs. ) | CIVIL ACTION NO 05-0508-KD-B |
|  ) | |
| CONSTRUCTION LABOR SERVICES, ) | |
| INC., ) | |
|  ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the application of defendant Construction Labor Services, Inc. for default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against plaintiff Gary L. Cooley on defendant's counterclaim and supporting affidavit (Doc. 19) and plaintiff's response. (Doc. 22).

As grounds for the motion, defendant states that plaintiff has failed to plead, answer or otherwise defend the counterclaim. (Doc. 19). By affidavit of counsel, defendant reports that plaintiff was served through his attorney on November 8, 2005, that greater than twenty (20) days have passed, and that plaintiff failed to answer or otherwise defend the counterclaim. (Doc. 19). This court entered an order directing plaintiff to show cause why judgment should not be entered against him. (Doc. 20). In the response to the order to show cause, plaintiff's counsel states that "he has been unable to communicate with plaintiff, despite repeated attempts" and thus he "cannot in good faith respond to pleadings or discovery." (Doc. 22). Counsel also stated that he was preparing a motion to withdraw and the motion was filed (Docs. 22, 23).[1]

---

[1] By separate order, the court will address defendant's motion to dismiss for failure to prosecute. (Doc. 24).

Defendant filed this motion pursuant to Rule 55(a), which sets forth as follows:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

FED. R. CIV. P. 55(a). However, plaintiff has appeared in this action and his counsel filed a response to the order to show cause, thus it could be argue that plaintiff did not fail to plead or otherwise defend. (Doc. 22). Therefore, in an abundance of caution, the court shall treat this application as a motion to the court for judgment by default pursuant to FED. R. CIV. P. 55(b)(2). Under that rule, "[j]udgment by default may be entered as follows:

> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

FED. R. CIV. P. 55(b)(2) As previously stated, plaintiff has appeared and is represented by counsel, thus the rule requires that plaintiff's counsel be served with at least 3 days written notice prior to a hearing on the application. However, in this case, the court finds that a hearing is not needed for the court to make the determinations necessary to enter judgment. In <u>Earthlink, Inc. v. Long On America, Inc</u>., 2006 WL 783360 (slip opinion) (N.D.Ga., March 24, 2006), the court opined, in part, as follows:

> [A] 'judgment by default may not be entered without a hearing unless the amount

claimed is a liquidated sum or one capable of mathematical calculation.' <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir.1979); see also Fed.R.Civ.P. 55(b); <u>Patray v. Northwest Publ'g, Inc</u>., 931 F.Supp. 865, 869 (S.D.Ga.1996). Morever, although a party in default admits the well-pleaded allegations of the complaint against it, the claimant "cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." <u>Patray,</u> 931 F.Supp. at 869. *Therefore, in order to grant the instant motion for default judgment with respect to the issue of damages, this court must find that the amount of damages is liquidated or can be reduced to a sum certain.*

<u>Id.</u> at *2 (emphasis added).

On November 8, 2005, defendant filed a counterclaim against plaintiff, pursuant to FED. R. CIV. P. Rule 13, wherein defendant set forth that plaintiff was advanced various sums from his paycheck and executed promissory notes to repay the sums advanced. (Doc. 6, p. 6) Defendant set forth that the latest promissory note was executed by plaintiff on November 5, 2004, in the amount of $1,729.98 and submitted a true and correct copy of the note. (<u>Id.</u>, Exhibit "A")  Defendant also set forth that plaintiff failed to repay the total amount and attached an affidavit showing a balance due of $1,322.78. (<u>Id.</u>, Exhibit "B")  Defendant has now applied for judgment against plaintiff on the counterclaim for the sum of $1,322.78, plus interest and costs. (<u>Id.</u>, Doc. 19)

Although defendant has plead for costs, defendant did not identify which costs it sought to recover or the amount.  Defendant did not file this action, thus it does not have a readily identifiable cost of court such as a filing fee.  Therefore, this court enters no judgment as to the costs incurred by defendant.  Defendant has provided a copy of the promissory note and an affidavit of its corporate president setting forth a sum certain for the balance due on the promissory note. (Doc. 6, Exhibits A, B).  However, the copy of the promissory note is not entirely readable and the undersigned is not able to ascertain the date interest should begin to

accrue or the method of accrual.[2]  Therefore, this court enters no judgment as to interest accrued to this date.

Accordingly, the Clerk is DIRECTED to enter default in favor of defendant and against plaintiff Gary L. Cooley.  A judgment of default shall be entered contemporaneously with this order.

**DONE** this the 19th day of April, 2006

                                    **/s/ Kristi K. DuBose**
                                    **KRISTI K. DuBOSE**
                                    **UNITED STATES DISTRICT JUDGE**

---

[2] The note appears to provide for eight (8%) interest.  However, the terms and condition of payment and accrual of interest are not readable.