IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY L. COOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO 05-0508-KD-B |
| ) | |
| CONSTRUCTION LABOR SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the court on the motion of defendant Construction Labor Services, Inc., to dismiss plaintiff's complaint for failure to prosecute. (Doc. 24). Upon consideration, and for the reasons stated herein, the motion to dismiss is **GRANTED** and this action is hereby **DISMISSED without prejudice** for failure to prosecute pursuant to Rule 41(b)[1] of the Federal Rules of Civil Procedure.

### Procedural History

On September 6, 2005, plaintiff filed his complaint against Construction Labor Services, Inc., wherein he alleged racial discrimination and retaliation. (Doc. 1). On November 8, 2005, defendant filed an answer and counterclaim against plaintiff. (Doc. 6). The parties met and filed their report of parties' planning meeting and the Rule 16(b) Scheduling Order was entered on January 9, 2006. (Doc. 13).

On February 6, 2006, defendant filed a motion to compel plaintiff's initial disclosures

---

[1] "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." FED. R. CIV. P. Rule 41(b).

wherein counsel for defendant recounted their efforts to communicate with plaintiff's counsel and to obtain plaintiff's initial disclosures. (Doc. 18).  On February 10, 2006, Magistrate Judge Sonja F. Bivins directed plaintiff to respond to defendant's motion to compel by February 17, 2006. (Doc. 21).  Plaintiff did not respond.  Defendant reports that plaintiff has never provided the initial disclosures. (Doc. 24).

On January 18, 2006, plaintiff was served with interrogatories and requests for production (Doc. 24, Exhibit A). The deadline for response was February 20, 2006, but defendant reports that no response has been received. (Doc. 24).

On February 3, 2006, counsel for defendant issued a Notice of Deposition for the plaintiff's deposition to commence March 14, 2006. (Doc. 24, Exhibit B).  No response or objection was received in response to the notice of deposition and neither plaintiff nor his counsel appeared at the scheduled time. (Doc. 24)

On February 6, 2006, defendant filed an Application for Entry of Default pursuant to FED. R. CIV. P. Rule 55(a) on its counterclaim against plaintiff along with a supporting affidavit. (Doc. 19).  On February 10, 2006 an order was entered requiring plaintiff/counterclaim defendant to show cause no later than February 15, 2006, why default should not be entered against him. (Doc. 20).  In response, counsel for plaintiff, stated that he had been unable to communicate with plaintiff despite repeated attempts and that he was preparing a motion to withdraw. (Doc. 22).  On March 10, 2006, the motion to withdraw was filed. (Doc. 23).

On March 24, 2006, defendant filed this motion to dismiss for lack of prosecution (Doc. 24).  On March 27, 2006, an order setting a response and reply scheduled was entered and the deadline for plaintiff's response was set as April 7, 2006. (Doc. 25).  Plaintiff has not responded

to the motion to dismiss.

## Analysis

Defendant has attempted to conduct discovery from the effective date of the Rule 16(b) Scheduling Order and but for participation at the parties' planning meeting and preparation of the report, the plaintiff has not participated in discovery.  Defendants report that plaintiff did not provide initial disclosures, answer interrogatories, provide documents pursuant to requests for production, or appear at his deposition. (Doc. 24).

On two occasions, plaintiff did not respond to orders of this court (Doc. 21, order on motion to compel initial disclosures; Doc. 25, order to respond to the motion to dismiss). Although plaintiff's counsel responded to the court's order ordering a response to the application for entry of default, the response stated that counsel had been unable to communicate with his client despite repeated attempts and that counsel would file a motion to withdraw, which he did. (Docs. 22, 23).  The motion to withdraw cited an inability to communicate with his client by phone or mail since December 2005, despite repeated attempts, as counsel's grounds for seeking withdrawal and that counsel sent a copy of the motion to plaintiff's last known address. (Doc. 23).  The docket does not indicate that plaintiff filed any pro se response to the motion to withdraw nor has new counsel entered an appearance.  Additionally, the record does not indicate that plaintiff answered the counterclaim which is the basis of the application for entry of default.

Defendant argues that it has been prejudiced by the absence of plaintiff's participation in discovery.  Defendant also argues that plaintiff has had time to respond to all discovery and it is unfair and unjust to defendant for this litigation to continue.  Defendant requests that the claims against it be dismissed with prejudice for failure of the plaintiff to prosecute this case, or in the

alternative, dismiss the case without prejudice. (Doc. 24).

>FED. R. CIV. P. Rule 41(b) addresses involuntary dismissal and provides that

>(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Accordingly, because of plaintiff's failure to participate in discovery and his failure to prosecute his own case against defendant, the undersigned concludes that plaintiff has abandoned the prosecution of this action.  Therefore, upon consideration of the alternatives that are available to the court and in consideration of plaintiff's failure to participate in discovery, pursue his own case against defendant and to follow this court's orders, this action is hereby **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).

>**DONE** the 19th day of April, 2006.

>>>s / Kristi K. DuBose
>>>**KRISTI K. DUBOSE**
>>>**UNITED STATES DISTRICT JUDGE**